**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| PACKAGING CORPORATION OF AMERICA, <br><br>      Plaintiff, <br><br>  vs. <br><br>LUNCHLY LLC, <br><br>and <br><br>CONGO, LLC, <br><br>      Defendants. | Case No. 1:26-cv-8831 |

## COMPLAINT

Plaintiff, Packaging Corporation of America (hereinafter "PCA"), complaining of Lunchly LLC (hereinafter "Lunchly") and Congo, LLC (hereinafter "Congo"), alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. PCA is a corporation existing pursuant to the laws of the State of Delaware, duly authorized to do business in the State of Illinois, with its principal place of business in Lake Forest, Illinois. For purposes of diversity jurisdiction, PCA is therefore a citizen of the States of Delaware and Illinois.

2. Lunchly is a limited liability company organized under the laws of the State of Delaware, and registered to do business in Kentucky with its registered agent being C T Corporation System located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601. Lunchly's members are Max Clemons and Trey Steiger, both of whom are domiciled in Tennessee. For purposes of diversity jurisdiction, Lunchly is a citizen of the State of Tennessee.

40247264v1

3. Upon information and belief, Congo is an LLC organized under the laws of the State of Kentucky, and registered to do business in the State of Illinois, with its registered agent being CT Corporation System, 208 South LaSalle St., Suite 814, Chicago, IL 60604-1101. Congo's members are Max Clemons, Trey Steiger and Congo Brands Holding Company LLC. The members of Congo Brands Holding Company LLC are Max Clemons and Trey Steiger, both of whom are domiciled in Tennessee. For purposes of diversity jurisdiction, Congo is a citizen of the State of Tennessee.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

5. This Court has personal jurisdiction over the Defendants.

6. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391, which makes a corporate defendant subject to suit in any District in which it is subject to personal jurisdiction, and also because, without limitation, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. In particular, the underlying purchase orders were submitted to PCA, which is headquartered in Illinois, the Defendants' obligations to remit payment was to be satisfied in Illinois, and PCA suffered injury in Illinois. Moreover, paragraph 16 of PCA's terms and conditions of sale provide that "[t]ransactions shall be governed by the laws of the State of Illinois."

## **FACTS**

7. PCA is a leading producer of paper packaging in North America. Headquartered in Lake Forest, Illinois, PCA operates eight mills and eighty-nine corrugated products plants and related facilities primarily in the United States.

40247264v1

8. Lunchly is an American food and beverage company.

9. Lunchly ordered from PCA various packaging goods (the "Packaging Products"), creating enforceable agreements between the Parties.

10. Pursuant to Lunchly's orders, PCA sold and delivered to Lunchly the Packaging Products, and Lunchly accepted delivery of the Packaging Products. A true and correct copy of the Statement of Account listing the invoices for the Packaging Products (the "Unpaid Invoices"), is attached hereto as Exhibit A.

11. At no time did Lunchly dispute the quality, quantity, or condition of the Packaging Products, nor did Lunchly reject or return any of the Packaging Products.

12. The sales of the Packaging Products from PCA to Lunchly were pursuant to Lunchly's purchase orders, PCA's invoices and were subject to PCA's Terms and Conditions of Sale (the "Terms and Conditions"), a true and correct copy of which is attached hereto as Exhibit B.

13. Among other things, under PCA's Terms and Conditions Lunchly is liable for all loss and damage sustained by PCA because of Lunchly's default, including, but not limited to all costs of collection including reasonable attorneys' fees, plus interest at the lower of 1½ % per month or the highest amount allowed by applicable law. *See* Terms and Conditions at § 10.

14. Despite Lunchly's receipt and acceptance of the Packaging Products, and despite PCA's repeated demands for payment of the Unpaid Invoices, Lunchly has failed and refused to pay the balance due of $76,457.67 for the Packaging Products.

15. In addition to the Unpaid Invoices, Lunchly submitted purchase orders to PCA for an additional $178,416.54 in goods (the "Inventory"), which PCA tendered to Lunchly, who refused to accept the goods.

40247264v1

16. The failure and refusal of Lunchly to pay for the Packaging Products which it ordered and received from PCA and to pay for the Inventory which it ordered, constitutes a breach of the parties' agreements, and Lunchly is justly indebted to PCA in the principal amount of $254,874.21, plus interest at the lower of 1 ½% per month or the highest amount allowed by applicable law.

17. On July 17, 2024, Congo executed a Guaranty for Payment whereby it agreed, among other things, to guaranty any and all obligations to PCA under the agreements between the parties (the "Congo Guaranty"). A true and correct copy of the Congo Guaranty is attached hereto and incorporated herein as Exhibit C.

## COUNT I
### (Breach of Contract)

18. PCA repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

19. Lunchly ordered the Packaging Products and Inventory from PCA at an agreed price.

20. PCA manufactured and delivered to Lunchly the Packaging Products ordered by Lunchly, in the amount of $76,457.67, as evidenced by PCA's Unpaid Invoices and the Statement of Account.

21. Lunchly accepted the Packaging Products and has failed and refused to pay the price of the goods in full as it became due.

22. Lunchly has also failed to pay for goods it ordered from PCA in the amount of $178,416.54 which PCA tendered to Lunchly, who refused to accept the goods.

23. The agreements entered into between PCA and Lunchly, include PCA's Terms and Conditions.

- 4 -

40247264v1

24.     As a result of Lunchly's failure to pay, it has breached the parties' agreements, and PCA is entitled to recover from Lunchly the price of the Packaging Products and the Inventory, $254,874.21, plus interest at the lower of 1 ½% per month or the highest amount allowed by applicable law, incidental and consequential damages resulting from the breach, and all cost of collection including PCA's reasonable attorneys' fees.

**WHEREFORE**, as to this first cause of action, PCA respectfully requests that the Court enter judgment as follows:

A.     That PCA have and recover judgment and damages against Lunchly in an amount not less than $254,874.21, plus interest from the date of default at the contract rate of 1.5% per month or the highest rate permitted by law, whichever is lower, and pre- and post-judgment interest at the maximum rate permitted by law;

B.     That PCA have and recover judgment and damages against Lunchly for all of PCA's incidental and consequential damages;

C.     That the Court award all costs associated with this action to PCA including PCA's reasonable attorneys' fees against Lunchly; and

D.     That the Court grant PCA such other and further relief, including equitable relief or injunctive relief, as is just and proper under the circumstances.

## COUNT II
### (Unjust Enrichment)

25.     PCA incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

26.     This Count is pled in the alternative to Count I.

27.     By producing and delivering the Packaging Products at Lunchly's request, PCA conferred a benefit upon Lunchly.

- 5 -

40247264v1

28. Lunchly ordered and voluntarily accepted the Packaging Products furnished by PCA with knowledge or reason to know that PCA expected to be paid, and ordered additional goods from PCA, which were tendered to Lunchly by PCA.

29. Lunchly has failed to pay PCA for the Packaging Products, and the circumstances are such that it would be inequitable for Lunchly to retain the benefit conferred without paying PCA for the value of that benefit.

30. As a result of Lunchly's failure and refusal to pay PCA in full for the goods furnished by PCA, Lunchly has become unjustly enriched in the amount of $254,874.21, plus interest at the contract rate of 1.5% per month or the highest rate permitted by law, plus PCA's incidental and consequential damages, plus all costs of collection including PCA's reasonable attorneys' fees.

**WHEREFORE**, as to this second cause of action, PCA respectfully requests that the Court enter judgment as follows:

A. That PCA have and recover judgment and damages against Lunchly in an amount not less than $254,874.21, plus interest from the date of default at the contract rate of 1.5% per month or the highest rate permitted by law, whichever is lower, and pre- and post-judgment interest at the maximum rate permitted by law;

B. That PCA have and recover judgment and damages against Lunchly for all of PCA's incidental and consequential damages;

C. That the Court award all costs of collection associated with this action to PCA including PCA's reasonable attorneys' fees against Lunchly; and

D. That the Court grant PCA such other and further relief, including equitable relief or injunctive relief, as is just and proper under the circumstances.

## COUNT III
### (Guaranty Claim)

31. PCA repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

40247264v1

32. Pursuant to the Congo Guaranty, Congo guaranteed payment to PCA of all obligations owed to PCA by Lunchly.

33. As stated above, Lunchly is indebted to and owes to PCA the amount of $254,874.21, and has failed to pay PCA after repeated demands for payment.

34. In addition, Lunchly is indebted to PCA for interest at the contract rate of 1.5% per month or the highest rate permitted by law, plus PCA's incidental and consequential damages, and all costs of collection including reasonable attorneys' fees plus interest at the maximum rate permitted by law.

35. Pursuant to the Congo Guaranty, Congo, LLC is liable to PCA in the amount of $254,874.21, interest at the contract rate of 1.5% per month or the highest rate permitted by law, plus PCA's incidental and consequential damages, plus all costs of collection including PCA's reasonable attorneys' fees.

**WHEREFORE**, as to this third cause of action, PCA respectfully requests that the Court enter judgment as follows:

A. That PCA have and recover judgment and damages against Congo in the amount of not less than $254,874.21, plus interest from the date of default at the contract rate of 1.5% per month or the highest rate permitted by law, whichever is lower, and pre- and post-judgment interest at the maximum rate permitted by law;

B. That PCA have and recover judgment and damages against Lunchly for all of PCA's incidental and consequential damages;

C. That the Court award all costs of collection associated with this action to PCA including PCA's reasonable attorneys' fees against Congo; and

D. That the Court grant PCA such other and further relief, including equitable relief or injunctive relief, as is just and proper under the circumstances.

40247264v1

Date:  July 24, 2026

Respectfully submitted,

SHUMAKER, LOOP & KENDRICK, LLP

*/s/Gregory H. Wagoner*

Gregory H. Wagoner (IL Bar No. 6276111)
1000 Jackson Street
Toledo, Ohio 43604
Telephone:  (419) 241-9000
Fax:  (419) 241-9000
E-mail:  gwagoner@shumaker.com

David H. Conaway (NC Bar #10648)
*Pending Admission Pro Hac Vice*
Ronald D.P. Bruckmann (NC Bar #53693)
*Pending Admission Pro Hac Vice*
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
dconaway@shumaker.com
rbruckmann@shumaker.com

*Attorneys for Packaging Corporation of America*

- 8 -

40247264v1